IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTINE M. LUCAS     *
    Plaintiff,
    v.     *     CIVIL ACTION NO. AW-13-cv-1196

CITIMORTGAGE, INC.     *
    Defendant.
    ***

## MEMORANDUM

Plaintiff, a resident of Cabin John, Maryland, filed this Complaint against CitiMortgage, Inc., invoking this court's federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 & 1332. She seemingly alleges that Defendant is about to take possession of the family property at 5 Carver Road, Cabin John, Maryland, and that a long term dispute of property ownership has existed due to the fraudulent misrepresentations of the former trustee, her brother Jonnie Lucas, Sr., who illegally used the property to obtain $500,000.00 in loans. Plaintiff avers that many civil actions have been filed in the Maryland courts surrounding the real property. She seeks leave to proceed in forma pauperis and asks that a hearing be conducted and that this court stay the execution of the 2012 decision of Montgomery County Circuit Court Judge Ronald B. Rubin.

In 2011, Plaintiff filed a federal Complaint against CitiMortgage, Inc. and the law firm that engaged in foreclosure proceedings involving the Carver Road property on behalf of CitiMortgage, Inc. *See Lucas v, Bierman, Geesing, Ward, LLC, et al.*, Civil Action No. DKC-11-161 (D. Md.). The court found the Complaint was subject to dismissal for lack of subject matter jurisdiction.

Although Plaintiff makes conclusory allegations regarding violations of 31 U.S.C. § 3729,[1]

---

[1] 31 U.S.C. § 3729(a)(1)(A) subjects an individual to liability if he "knowingly presents, or causes to be presented to an officer or employee of the United States Government a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). To establish liability under 31 U.S.C.§ 3729(a)(1)(A),the Government must demonstrate that the defendant "(1) made a claim (2) to the [G]overnment, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the

she is for all intents and purposes attempting to collaterally attack state court orders involving the Cabin John property. The *Rooker-Feldman* doctrine will not permit him to do so. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), the Supreme Court formulated a general rule which distinguishes general constitutional challenges to state laws and regulations over which federal courts have jurisdiction from requests for review of specific state court decisions over which they have no jurisdiction. Federal claims which are "inextricably intertwined with" state court decisions in judicial proceedings fall outside of the federal court's jurisdiction. *See Feldman*, 460 U.S. at 486-87. The *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284; *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Davani v. Virginia Department of Transportation*, 434 F. 3d 712 (2006). Simply put, the *Rooker-Feldman* doctrine is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions. If the source of the alleged injury is the state court decision, then the *Rooker-Feldman* doctrine will apply to divest the district court of jurisdiction. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2nd Cir. 2005).

Further, consideration of Plaintiff's claims would require the undersigned to reconsider prior state court decisions, including orders and judgments determining real property rights. As Plaintiff's allegations are "inextricably intertwined" with decisions of Maryland state courts, the

---

federal treasury." *Mike v. Straus*, 274 F.3d 687, 695 (2d Cir. 2001).

court lacks subject matter jurisdiction of these claims under *Rooker-Feldman*.[2] Therefore, the cause of action shall be dismissed. *See* 28 U.S.C. § 1257. Further, any state court decision is entitled to both issue and claim preclusive effect. *See* 28 U.S.C. § 1738, *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 84-86 (1984). Federal courts must give the state judgments the same effect as would the courts of the judgment state.[3] Consequently, insofar as Plaintiff is seeking to re-file her concluded state court complaint against CitiMortgage, Inc. here, any state court judgment against Plaintiff bars her from seeking review over the matter in this court.

In sum, Plaintiff may not litigate anew claims previously dismissed by this court and the Circuit Court for Montgomery County, Maryland. The Complaint shall be dismissed.[4]

Date: May 21, 2013 /s/
Alexander Williams Jr.
United States District Judge

---

[2] The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine") that a United States District Court has no authority to review final judgments of a state court in judicial proceedings except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).

[3] In Maryland *res judicata* applies when there has been a final judgment on the merits, there exists identity of the parties or privies, and the causes of action in successive suits are the same. *See Snell v. Mayor of Havre de Grace*, 837 F.2d 173, 175 (4th Cir. 1988). Further, under Maryland law collateral estoppel applies if the issue decided in prior adjudication is identical to issue in the present action, there was a prior final judgment on the merits, and the party against whom the decision is being used was party to the prior action. *O'Reilly v. County Bd. of Appeals*, 900 F.2d 789, 791 (4th Cir. 1990).

[4] It does not appear that Plaintiff has provided complete information in her amended indigency motion as she acknowledges monthly costs for home maintenance repairs, but says she owns no property and pays no rent or mortgage. In light of the decision entered by the court, the original and amended Motions for Leave to Proceed In Forma Pauperis shall be denied. Further, her request to stay execution of the order of a state court judge shall be denied in light of the dismissal of this action.